UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILAH MONIQUE MCCRAY,<br><br>Plaintiff,<br><br>v.<br><br>MARY McDUFFIE, CEO of Navy Federal Credit Union,<br><br>Defendant. | No. 2:22-cv-0803-TLN-CKD PS<br><br><br>ORDER GRANTING IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff, who proceeds without counsel, initiated this action on May 12, 2022, with a complaint and motion to proceed in forma pauperis. (ECF Nos. 1, 2.) On the following day, plaintiff filed a first amended complaint and an amended motion to proceed in forma pauperis. (ECF Nos. 4, 5.) These matters are before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

**I. In forma Pauperis**

Plaintiff's application in support of the initial motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. (ECF No. 2.) The application in support of plaintiff's amended motion to proceed in forma pauperis also makes the required showing and does not refute the information contained in the initial motion. (ECF No. 5.) Therefore, plaintiff's initial motion will be granted, and the amended motion will be denied as moot.

1

## II. Screening and Pleading Standards

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

## III. Screening of the First Amended Complaint

The court accepts the first amended complaint as the operative complaint as the original complaint has not been screened and no defendants have appeared in this action. The first

amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (an amended complaint supersedes the original complaint).

### A. Allegations in the First Amended Complaint

Plaintiff's first amended complaint names Mary McDuffie, CEO of Navy Federal Credit Union, as the sole defendant. (ECF No. 4 at 2.) The first amended complaint is presented on a form for a civil case premised on diversity jurisdiction when a defendant owes a plaintiff a sum of money. (Id. at 4.) Plaintiff alleges defendant owes $89,000.00 on an account between the parties arising from a debt based on "Dishonor in self-executing contract [and] Non response to affidavits and agreements." (Id.) Attached to the first amended complaint is an "invoice" dated May 13, 2022, and addressed to defendant, for $89,000.00. (Id. at 7.) For relief, plaintiff seeks monetary damages in that sum. (Id. at 6.) Plaintiff also seeks "Cease and desist all efforts of attempting to collect [alleged] debt" and "Do not retaliate by closing my accounts[.]" (Id.)

### B. Failure to State a Claim

Plaintiff seeks relief for breach of contract by pleading a "common count," which is "a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness[.]" McBride v. Boughton, 123 Cal.App.4th 379, 394 (2004) (citations omitted). The essential allegations of a common count are "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." Farmers Ins. Exch. v. Zerin, 53 Cal. App. 4th 445, 460 (1997) ("Farmers"); Miniace v. Pac. Mar. Ass'n, 424 F. Supp. 2d 1168, 1186 (N.D. Cal. 2006) (same). To be sufficiently pleaded, "a common count… must state not only the indebtedness of the defendant but also directly or impliedly the relationship or the express or implied legal principle upon which a promise to plaintiff is predicated." Vaughn v. Certified Life Ins. Co. of Cal., 238 Cal. App. 2d 177, 181 (1965).

The first amended complaint fails to state a claim because the consideration for defendant's alleged monetary indebtedness is not identified. Neither plaintiff's allegations nor the attached invoice specifies the consideration provided in the form of goods sold or work done, etc. Instead, the invoice states the amount billed is for "Dishonor and Breach of Contract." (ECF No. 4 at 7.) Because the consideration is an essential element of a common count for monetary

3

indebtedness, Zerin, 53 Cal. App. 4th at 460, the first amended complaint fails to state a claim. See Vaughn, 238 Cal. App. 2d at 181 ("However liberal the rules permitting common counts may be, there must be some certainty in respect of the obligation a plaintiff seeks to enforce."). Plaintiff will have an opportunity to amend.

### C. Venue

Plaintiff is a citizen of California residing in Hercules in Contra Costa County, California, which is in the Northern District of California. (ECF No. 4 at 2.) Defendant is alleged to be a citizen of the State of Virginia. (ECF No. 4 at 3.) Based on the complaint's sparse allegations, it is unclear whether venue for plaintiff's claim lies in the Eastern District of California.

The federal venue statute provides a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Relatedly, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). If a district court, in its discretion, denies a transfer upon finding improper venue, then the court must dismiss the suit. 28 U.S.C. § 1406(a).

Plaintiff's first amended complaint contains no indication that any events giving rise to the complaint took place in the Eastern District of California. This district is not an appropriate venue if no pertinent events took place within this district and neither party resides in this district.

////

////

### D. Leave to Amend

Plaintiff's first amended complaint fails to state a cognizable claim for relief. It further appears venue does not lie in this district. Because it is not absolutely clear these defects could not be cured by amendment, plaintiff will be given an opportunity to file a second amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Fed. R. Civ. P. 15(a). A second amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220. If plaintiff is unwilling or unable to cure the defects identified herein, then plaintiff may voluntarily dismiss this case by filing a notice of voluntary dismissal. See Fed. R. Civ. P. 41(a).

### IV. Conclusion and Order

In accordance with the above, IT IS ORDERED:

1. Plaintiff's initial motion to proceed in forma pauperis (ECF No. 2) is GRANTED and the amended motion to proceed in forma pauperis (ECF No. 5) is DENIED as moot.

2. Plaintiff's first amended complaint (ECF No. 4) is DISMISSED for failure to state a claim.

3. Plaintiff is granted 30 days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: May 27, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.McCray22cv0803.scrn